UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN ROE,

    Plaintiff,

    v.

MARVIN G. RICHARDSON, in his official
capacity as acting director of the Bureau of
Alcohol, Tobacco, Firearms and Explosives, and
MERRICK B. GARLAND, in his official capacity
as Attorney General of the United States,[1]

    Defendants.

Case No. 21-cv-125-JPG

**MEMORANDUM AND
ORDER TO SHOW CAUSE**

    This matter comes before the Court on plaintiff John Roe's motion to conduct discovery and for other relief (Doc. 29).  The defendants have responded to that motion (Doc. 30).  Roe brought this case seeking opinions from the Courts about whether his current and contemplated future activities in connection with a firearm component violate the law.  The defendants have moved to dismiss this case for lack of subject matter jurisdiction, including lack of standing, and for failure to state a claim (Doc. 21).  That motion remains pending.

    The current scheduling and discovery order describes this case as under the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.*, and indicates discovery is not needed for such a case because it will rely on an administrative record, but provides that the plaintiff may request discovery if necessary.

---

[1] Marvin G. Richardson is now the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, *see* https://www.atf.gov/about-atf/executive-staff (visited Sept. 15, 2021), and Merrick B. Garland is now the Attorney General of the United States, *see* https://www.justice.gov/ag (visited Sept. 15, 2021).  They have automatically been substituted as the defendants in this case.  *See* Fed. R. Civ. P. 25(d).

The plaintiff requests discovery on the grounds that the defendants have now reported that there is no administrative record to produce, but they have turned over documents related to the plaintiff's complaint.  The plaintiff also expresses concerns about the withdrawal of the previous Assistant United States Attorney as defense counsel.

The Court has reviewed the filings in this case and has determined that discovery is not necessary before the Court rules on the defendants' motion to dismiss.  If the case survives that motion, the Court would entertain another request for discovery.  The Court further notes that there is nothing suspicious about the defendants' former counsel's withdrawal from this case; new counsel has appeared and has seamlessly continued to defend this case, as is common when responsibility for a case is transferred from one Assistant United States Attorney to another.  And finally, neither the defendants nor their counsel are at fault in any way for not having an administrative record.  They cannot manufacture one where none exists, although they appear to continue to search for other relevant documents to produce.  The Court will keep this fact in mind, though, when it rules on the pending motion to dismiss.  For these reasons, the plaintiff's motion for discovery is **DENIED without prejudice** (Doc. 29) to another motion following the Court's ruling on the pending motion to dismiss.

One additional matter warrants attention.  The plaintiff admits that his true name is not, in fact, John Roe and that he is attempting to litigate this case anonymously using a pseudonym.  Litigating a federal case anonymously is generally not permitted.  "Judicial proceedings are supposed to be open . . . in order to enable the proceedings to be monitored by the public.  The concealment of a party's name impedes public access to the facts of the case, which include the parties' identity."  *Doe v. City of Chi.*, 360 F.3d 667, 669 (7th Cir. 2004).  For this reason, there is a presumption that a plaintiff's identity is public information unless the plaintiff rebuts that

presumption by showing the harm to the party exceeds the likely harm from concealment. *Id.* Sufficient harm from disclosure has been found to exist, for example, where the plaintiff is "a minor, a rape or torture victim . . . a closeted homosexual, or . . . a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing." *Id.* The Court has an obligation to determine the appropriateness of a plaintiff's concealing his name in derogation of the normal method of proceeding in federal court. *Id.* at 669-70 (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin, supra,* 112 F.3d 869, 872 (7th Cir. 1997)).

The plaintiff in this case suggests he is pursuing this case anonymously because he believes he may be conducting activity for which he would be subject to arrest and prosecution. The Court is not keen on concealing the identity of potential lawbreakers so they can go undetected by law enforcement where there is probable cause to believe they have committed or are committing a crime. Enforcement of the law is not likely to be a kind of harm that would justify allowing a litigant's identity to remain hidden. Nevertheless, the Court will give the plaintiff an opportunity to argue this point directly and will give the defendants an opportunity to respond so the Court cannot determine whether such secrecy is justified.

Accordingly, the Court **ORDERS** the plaintiff to **SHOW CAUSE** on or before October 15, 2021, why the Court should not dismiss this case for failure to prosecute it in the true name of the real party in interest as required by Federal Rule of Civil Procedure 17(a). The defendants shall have 14 days to reply to the plaintiff's response to the order to show cause. An amended complaint using the plaintiff's true name shall be considered an adequate response to this order to show cause. Should the plaintiff fail to respond to this order to show cause in a timely manner, the Court may dismiss this action for failure to sue in the name of the real party in interest and/or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the

Court's inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

**IT IS SO ORDERED.**
**DATED:  September 29, 2021**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**