IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ROE,<br><br>                Plaintiff,<br><br>vs.<br><br>MARVIN RICHARDSON, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and MERRICK GARLAND, in his official capacity as Attorney General of the United States,<br><br>                Defendants. | CASE NO. 3:21-cv-00125-JPG |

**REPLY TO PLAINTIFF'S RESPONSE TO COURT'S ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HE SHOULD BE ALLOWED TO PROCEED ANONYMOUSLY**

Defendants Marvin Richardson and Merrick Garland,[1] acting in their official capacity, by their attorneys, Steven D. Weinhoeft, U.S. Attorney for the Southern District of Illinois, and Nicholas J. Biersbach, Assistant U.S. Attorney, file this Reply to Plaintiff's Response to the Court's Order for Plaintiff to show cause why he should be allowed to proceed anonymously.

Plaintiff, without requesting leave, filed a Complaint under the pseudonym "John Roe," and in the Complaint, he seeks a declaration that he may legally possess and/or transfer drop in auto sears purchased prior to 1981.[2] (Doc. 1). The Seventh Circuit, however, has "repeatedly voiced . . . disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to

---

[1] After the Complaint was filed, Marvin Richardson assumed the role of Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and Merrick Garland was presidentially appointed to serve as the Attorney General of the United States. Both men are automatically substituted for former Acting Director Regina Lombardo and Acting Attorney General Jeffrey Rosen. *See* Fed. R. Civ. P. 25(d).

[2] On June 11, 2021, Defendants filed a Motion to Dismiss (Doc. 21) where they contend the Court lacks subject matter jurisdiction; Plaintiff lacks standing; the Editor's Note in the 2014 Federal Firearms Regulations Reference Guide of which Plaintiff appears to complain does not constitute a final agency action that may be judicially reviewed under the Administrative Procedure Act ("APA"); and Plaintiff's APA claim is time barred.

the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016). To proceed anonymously, therefore, "a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Id.* at 377 (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)). Moreover, where a plaintiff attempts to proceed under a pseudonym, "judge[s] ha[ve] an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Blue Cross & Blue Shield*, 112 F.3d at 872. Accordingly, this Court ordered Plaintiff to show cause why he should be allowed to litigate anonymously. (Doc. 31).

In response to the Court's Show Cause Order, Plaintiff cites the Fifth Amendment and the potential for prosecution as reasons for pursing this litigation anonymously. (Doc. 32). But the mere potential for prosecution due to the exposure of a litigant's identity without a reasonable fear prosecution will occur is not a sufficient basis for allowing anonymous litigation. *See Faith Action for Community Equity v. Hawaii*, Civil No. 13-00450-SOM, 2014 WL 320587, at *3 (D. Hawaii Jan. 29, 2014) ("[E]ven though criminal prosecution undoubtedly constitutes a serious injury, the 'fear of severe harm is irrelevant if the plaintiffs do not *reasonably* fear severe harm.'"). And at this point, Plaintiff's fear of prosecution if his identity were made public is based solely on conjecture and conclusory assertions, not a reasonable fear.

Moreover, it is unclear whether the Court requiring Plaintiff to litigate under his name after he *voluntarily* filed a public Complaint with allegations that could incriminate him implicates the Fifth Amendment's right against compelled self-incrimination. Regardless, "a violation of the constitutional *right* against self-incrimination occurs only if one has been compelled to be a

2

witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (plurality opinion); *see also Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1024-25 (7th Cir. 2006); *Luster v. Cahokia Police Department*, Case No. 20-cv-00230-JPG, 2020 WL 3893804, at *1 (S.D. Ill. July 10, 2020). There is, however, no criminal case against Plaintiff. The allegations in Plaintiff's Complaint also suggest there has never been such a case.

Furthermore, while Plaintiff may invoke an evidentiary privilege by "insist[ing] on an immunity agreement *before* being compelled to give incriminating testimony in a noncriminal case," such a request merely "preserves the core Fifth Amendment right from invasion by the use of that compelled testimony in a subsequent criminal case." *Chavez*, 538 U.S. at 771. Put differently, if requiring Plaintiff to proceed under his name qualifies as compelling self-incriminating testimony under the Fifth Amendment, which Defendants do not concede, Plaintiff may exercise an evidentiary privilege to ensure the testimony may not later be deemed "voluntary" in a criminal case. If, therefore, Plaintiff has properly invoked the privilege, then he has seemingly preserved a future argument. That, however, does not necessitate anonymous litigation here.

Plaintiff has not clearly demonstrated exceptional circumstances for proceeding under a pseudonym. The Court, however, might determine Plaintiff may proceed anonymously while Defendants' Motion to Dismiss that addresses threshold issues remains pending. If so, the issue could still be revisited as the "use [of] pseudonyms is granted only temporarily and the need for disclosure may be reassessed as the lawsuit proceeds." *Doe. v. Lynch*, Civil Action No. 16-253 (BAH), 2016 WL 10844617, at *1 (D.D.C. April 28, 2016).

Relatedly, this suit involves the APA where "in all but exceptional cases, discovery . . . is limited to materials contained in the [designated] administrative record," unless the plaintiff can make a strong showing of bad faith by the Government or that the record is incomplete. *Sokaogon Chippewa Community (Mole Lake Band of Lake Superior Chippewa) v. Babbitt*, 929 F. Supp.

1165, 1172 (W.D. Wisc. 1996); *see also Citizens for Appropriate Rural Roads v. Foxx*, 14 F. Supp. 3d 1217, 1239 (S.D. Ind. 2014).  While robust discovery is disfavored in the APA context, Plaintiff has already requested and been denied discovery beyond documents produced by the Government, and he has expressed a desire to pursue further discovery if Defendants' Motion to Dismiss is denied.  Defendants will maintain that discovery is not necessary in this APA suit, even if their Motion to Dismiss is denied.  If, however, Plaintiff is permitted to proceed anonymously and is later granted an opportunity for discovery, then Defendants may require comparable opportunities for discovery, and discovery directed at the veracity of Plaintiff's allegations could require revealing Plaintiff's identity.

## CONCLUSION

This Court is properly fulfilling its independent duty to determine whether anonymous litigation is warranted here.  Furthermore, Plaintiff has provided several reasons for pursuing litigation anonymously, but those reasons do not clearly demonstrate the "exceptional circumstances" required for proceeding under a pseudonym.  If, however, the Court chooses to allow anonymous litigation, the inquiry is not final and may be revisited should the need arise.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

*s/ Nicholas J. Biersbach*
NICHOLAS J. BIERSBACH
Assistant United States Attorney
9 Executive Drive
Fairview Heights, IL 62280
Tel: 618.628.3700
Fax: 618.628.3810
Nicholas.Biersbach@usdoj.gov